### Spurlock v. Spurlock.

(Decided October 15, 1912.)

### Appeal from Harlan Circuit Court.

Deeds—Execution and Delivery of.—Evidence examined and held not to show that the deed that was the basis of the action was executed or delivered.

C. F. SPENCER for appellant.

J. G. & J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by the appellant, Rena Spurlock against J. B. Spurlock to recover damages for breach of contract. The lower court dismissed the petition, and Rena Spurlock, who was plaintiff below, prosecutes this appeal.

In his petition the appellant averred in substance that in 1906 the appellee, J. B. Spurlock sold and conveyed to him all of the timber growing on a described boundary of land in consideration of the sum of $1,500, which was to be paid at the rate of $200 per year and a further consideration of $200 per year thereafter as long as J. B. Spurlock lived. He further averred that J. B. Spurlock executed and delivered a duly signed and

acknowledged deed to the timber to the county clerk of Harlan County for record but that a short time thereafter and before the deed was recorded the county clerk returned it to the grantor, so that it could be corrected to conform to the law requiring that every deed show the name of the grantor's immediate vendor. He also averred that when the deed was returned for correction it was destroyed by Spurlock, who soon afterwards sold all the timber to two other parties.

In his answer appellee denied every material allegation in the petition. After this the case went to trial before a jury and upon the conclusion of the evidence for the plaintiff, the court directed the jury to return a verdict for the defendant. It is evident that the court was induced to make this ruling because he considered that there was no evidence to show that the deed relied on by the plaintiff as the foundation of his action had been executed or delivered. As the plaintiff put his right to recover upon the ground that the defendant had executed and delivered in the manner before stated the deed, it was essential to the maintenance of his action that he should show the execution and delivery of the deed. Upon this point Rena Spurlock after relating some conversations that took place between himself and J. B. Spurlock, who is his father, said that J. B. Spurlock agreed to sell him the timber on the terms heretofore mentioned, and agreed to make a deed and put the same on record as soon as he could. He further said that he had not paid any part of the consideration and that J. B. Spurlock had never executed or delivered any deed or writing to him personally nor had he ever seen the deed that he testified J. B. Spurlock had made.

H. L. Howard, a witness for plaintiff, testified that he wrote a deed for some timber for J. B. Spurlock to Rena Spurlock at the request of J. B. Spurlock, who took the deed after it had been written—that he had forgotten to write in the deed a statement showing from whom J. B. Spurlock derived title to the land, and the clerk could not record the deed until that was inserted; that he did not see the deed again after Spurlock took it.

N. L. Smith testified that he was deputy county clerk of Harlan County and remembered that J. B. Spurlock handed him a deed to Rena Spurlock and the money to pay the recording fee if H. L. Howard said it was all

right, but that Howard said there was something wrong with the deed, and thereupon he returned it to J. B. Spurlock. He did not remember whether or not the deed had been signed or acknowledged when it was delivered to him.

Kale Ledford testified that he saw the deed while it was in the possession of J. B. Spurlock, and that it was signed by Spurlock. We do not think this evidence sufficient to show either the execution or the delivery of the deed. No witness testifies that the deed was acknowledged, nor was it delivered to the clerk for record. It was delivered to the clerk conditionally and withdrawn from him by the grantor.

We think the circuit court correctly ruled that the evidence was not sufficient to take the case to the jury, and so the judgment is affirmed.